# EXHIBIT A

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com

*Attorney for Plaintiffs*

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
5/6/2025 3:17:14 PM
Clerk of the Superior Court
By R. Stille          ,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| ROBERT CLARK, individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INSTANT CHECKMATE, LLC, INTELIUS LLC, and TRUTHFINDER, LLC,<br><br>Defendants. | Case No. 25CU023563C<br><br>CLASS ACTION<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

1    Plaintiff Robert Clark ("Plaintiff"), individually and on behalf of all others similarly

2    situated, brings this Class Action Complaint for violations of Colo. Rev. Stat. § 6-1-304

3    (Colorado's "Prevention of Telemarketing Fraud Act" or "PTFA") against Defendants Instant

4    Checkmate, LLC ("Instant Checkmate"), Intelius LLC ("Intelius"), and Truthfinder, LLC

5    ("Truthfinder") (collectively, "Defendants").  Plaintiff makes the following allegations pursuant to

6    his counsel's investigation and based upon information and belief, except as to allegations

7    specifically pertaining to himself, which are based on personal knowledge.

8    ## NATURE OF THE ACTION

9    1.    On May 27, 2005, former Colorado Governor Bill Owens signed into law HB05-

10   1288,[1] which amended the PTFA to prohibit commercially listing a cell phone number in a

11   directory, without permission.[2]  *See* Colo. Rev. Stat. § 6-1-304(4)(a)(I).

12   2.    This prohibition is designed to protect privacy.  As former State Representative

13   Mark Cloer,[3] a prime sponsor of HB05-1288,[4] stated in describing this new portion of the PTFA:

14   "[m]ost people view their cell phones as private. They give out the number to friends and family

15   and some colleagues. When their cell phone rings, they expect it to be important."[5]

16   3.    Indeed, concern over cell phone privacy is widespread.  According to a research

17   paper presented in May 2005 at the American Association for Public Opinion Research

18   (AAPOR)'s Annual Conference[6] and January 2006 at the American Statistical Association

19   (ASA)'s Second International Conference on Telephone Survey Methodology:[7]

---

[1] https://www.leg.state.co.us/clics2005a/csl.nsf/fsbillcont2/1BB0D3E00348AC6987256F90007C20C7?Open.  *See also* https://leg.colorado.gov/sites/default/files/images/olls/2005a_sl_180.pdf.

[2] https://www.leg.state.co.us/CLICS2005A/commsumm.nsf/IndSumm/574E34C489356ADA87256FB100612E60?OpenDocument. *See also* https://www.leg.state.co.us/CLICS2005A/commsumm.nsf/91320994cb8e0b6e8725681d005cb995/574e34c489356ada87256fb100612e60?OpenDocument.

[3] *See* https://www.leg.state.co.us/clics2005a/directory.nsf.

[4] https://lawcollections.colorado.edu/colorado-session-laws/islandora/object/session%3A36205 at p. 2461.  *See also* https://www.leg.state.co.us/CLICS2005A/csl.nsf/StatusAll?OpenFrameSet.

[5] https://www.9news.com/article/news/local/politics/legislative-library-feb-23-2005/73-344789916.

[6] https://aapor.org/wp-content/uploads/2024/05/AAPORPrograms2005.pdf at pp. 13, 84.

[7] https://scholar.google.com/citations?view_op=view_citation&hl=en&user=I2jkzr0AAAAJ&citation_for_view=I2jkzr0AAAAJ:M3ejUd6NZC8C; https://ww2.amstat.org/meetings/tsmii/2006/index.cfm?fuseaction=main.

---

[T]here appears to be a strong reluctance on the part of cell phone owners to have their cell phone numbers listed in a directory. …

This reluctance on the part of respondents to have their cell phone number listed in a directory may be rooted in not wishing to incur additional costs due to unsolicited incoming calls. …

A more likely reason for their unwillingness to have their cell phone number listed is that respondents view the cell phone as more of a private medium of communication than their land-line phone. They probably wish to restrict access to their cell phone number to family and friends.[8]

4.    The Colorado General Assembly enacted subsection (4) of the PTFA to address these privacy concerns and to protect cell phone users from the misappropriation of their personal information.  This aligns with the PTFA's overall purpose, as articulated by Colo. Rev. Stat. § 6-1-301:

The general assembly hereby finds, determines, and declares that the use of telephones for commercial solicitation is rapidly increasing; that this form of communication offers unique benefits, but entails special risks and poses the potential for abuse; that the general assembly finds that the widespread practice of fraudulent and deceptive commercial telephone solicitation has caused substantial financial losses to thousands of consumers, and, particularly, elderly, homebound, and otherwise vulnerable consumers, and is a matter vitally affecting the public interest; and, therefore, that the general welfare of the public and the protection of the integrity of the telemarketing industry requires statutory regulation of the commercial use of telephones.

5.    Colo. Rev. Stat. § 6-1-304(4) provides:

(a)    On or after September 1, 2005, a person commits an unlawful telemarketing practice if the person knowingly:

(I)    Lists a cellular telephone number in a directory for a commercial purpose unless the person whose number has been listed has given affirmative consent, through written, oral, or electronic means, to such listing[.]

---

[8] http://www.asasrms.org/Proceedings/y2005/files/JSM2005-000345.pdf at p. 4005.

6.      Despite this abundantly clear proscription, Defendants have listed the cellular

telephone numbers of thousands of Colorado residents in their for-sale and for-profit directories,

without requesting (let alone actually receiving) affirmative consent to such listings.

7.      Thus, while Defendants profit handsomely from their unauthorized commercial

listing of Plaintiffs' and other Class Members' personal information, Defendants do so at the

expense of Coloradans' statutory privacy rights, under the PTFA.

8.      Not only is Defendants' misappropriation unlawful – it is also dangerous.  The

Federal Trade Commission's ("FTC") report on "Data Brokers" states:

> There are a number of potential risks to consumers from data brokers'
> collection and use of consumer data. … [T]hey may facilitate the sending
> of advertisements … which some consumers may find troubling and
> which could undermine their trust in the marketplace. Moreover, …
> people search products can be used to facilitate harassment, or even
> stalking, and may expose domestic violence victims, law enforcement
> officers, prosecutors, public officials, or other individuals to retaliation or
> other harm. [In addition, s]toring [d]ata [a]bout [c]onsumers [i]ndefinitely
> [m]ay [c]reate [s]ecurity [r]isks[.][9]

9.      Plaintiffs bring this action to prevent Defendants from further violating the privacy

rights of Colorado cell phone users and to recover statutory damages from Defendants, pursuant to

Colo. Rev. Stat. § 6-1-305(1)(c).

## PARTIES

10.     Plaintiff Robert Clark is, and has been at all relevant times, a resident and citizen of

Colorado Springs, Colorado.  Plaintiff's cellular telephone number was listed by Defendants in

their directories, available at instantcheckmate.com, intelius.com, truthfinder.com, ussearch.com,

and zabasearch.com, to advertise and/or actually sell products and services.  Defendants never

requested – and Plaintiff never provided – affirmative consent, through written, oral, or electronic

means, to such listings.  In fact, Plaintiff has no relationship with Defendants whatsoever.  Plaintiff

had never heard of Defendants and had no reasonable ability to discover Defendants' use of his

personal information until shortly before filing suit.

---

[9] https://www.ftc.gov/system/files/documents/reports/data-brokers-call-transparency-
accountability-report-federal-trade-commission-may-2014/140527databrokerreport.pdf at p. 48.

---

CLASS ACTION COMPLAINT                                                                    4

11.     Defendant Instant Checkmate, LLC ("Instant Checkmate") is a Delaware limited liability company with its principal place of business at 375 Camino De La Reina, Suite 400, San Diego, California 92108.  Defendant operates the directory instantcheckmate.com.  Therein, and for commercial purposes, Defendant has listed the cellular telephone numbers of thousands of individuals whom it knows to reside in Colorado.

12.     Defendant Intelius LLC ("Intelius") is a Delaware limited liability company with its principal place of business at 375 Camino De La Reina, Suite 400, San Diego, California 92108. Defendant operates the directories intelius.com, ussearch.com, and zabasearch.com.  Therein, and for commercial purposes, Defendant has listed the cellular telephone numbers of thousands of individuals whom it knows to reside in Colorado.

13.     Defendant Truthfinder, LLC ("Truthfinder") is a Delaware corporation with its principal place of business at 375 Camino De La Reina, Suite 400, San Diego, California 92108. Defendant operates the directory truthfinder.com.  Therein, and for commercial purposes, Defendant has listed the cellular telephone numbers of thousands of individuals whom it knows to reside in Colorado.

14.     Defendants have operated as a common enterprise while engaging in the unlawful acts and practices alleged herein.  Defendants are an interrelated network of companies that have common ownership, officers, managers, financial arrangements, business functions, employees, and office locations.  Because Defendants have operated as a common enterprise, each of them is jointly and severally liable for the acts and practices alleged.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction over this action pursuant to Cal. Code Civ. Proc. § 410.10.  This action is brought as a class action on behalf of Plaintiff and Class members pursuant to Cal. Code Civ. Proc. § 382.

16.     This Court has personal jurisdiction over Defendants because Defendants are headquartered in and have their principal place of business in California.

17.     Venue is proper in this Court pursuant to Cal. Code Civ. Proc. §§ 395 and 395.5 because Defendant resides in this County.

# FACTUAL BACKGROUND

**A.     Overview of Defendants' Directories**

18.     Defendants are data brokers – companies "that collect consumers' personal information and resell or share that information with others[.]"[10]

19.     Specifically, Defendants provide online "people search" (also known as "people finder") services.  People search companies, like Defendants, specialize in compiling vast amounts of information about individuals from various sources, such as public records, social media, and other data brokers.[11]

20.     Defendants and their competitors monetize said personal details through their directories – some of which are ad-supported and give users free access to the data, and others of which furnish reports about people for a fee.

21.     Defendants' directories are available at instantcheckmate.com, intelius.com, truthfinder.com, ussearch.com, and zabasearch.com.  There, anyone on the Internet can view Coloradans' cell phone numbers, addresses, and more.

22.     This is achieved by simply searching an individual by name, city, state, phone number, address, and/or other parameters:[12]

//

//

//

//

//

//

//

---

[10] https://www.ftc.gov/system/files/documents/reports/data-brokers-call-transparency-accountability-report-federal-trade-commission-may-2014/140527databrokerreport.pdf at p. i.

[11] https://consumer.ftc.gov/articles/what-know-about-people-search-sites-sell-your-information.

[12] Here and in the subsequent paragraphs, instantcheckmate.com is pictured first; intelius.com is pictured second; truthfinder.com is pictured third; ussearch.com is pictured fourth; and zabasearch.com is pictured fifth.

---

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28







23.     Users of instantcheckmate.com, intelius.com, truthfinder.com, ussearch.com, and zabasearch.com can also find people listed by last name (i.e., those with last names starting with the letter "A"):

## PEOPLE SEARCH DIRECTORY: NAMES BETWEEN AA AA - ALI AZZOUZI | INSTANT CHECKMATE

| | | |
|---|---|---|
| Aa Aa - Alex Abad | Nancy Alfonso - Natasha Alford | Lori Appleby - Marilyn Appleton |
| Alexander Abad - Maria Abaroa | Nathan Alford - Emily Alger | Marion Appleton - Angelita Aquino |
| Ahmed Abas - Jeremy Abbey | Emma Alger - Amanat Ali | Angelito Aquino - Asmat Ara |
| Jerry Abbey - Kevin Abbott | Amanda Ali - Mahdi Ali | Dora Ara - Sabrina Aragon |
| Kim Abbott - John Abdallah | Maheen Ali - Tayyaba Ali | Sally Aragon - Jesus Aramburo |
| Joseph Abdallah - Bilal Abdul Khaliq | Teddy Ali - Michael Alig | Jorge Aramburo - Olivia Aranda |

INTELIUS  >  NAMES  >  A

## People Search Directory - Names from Aa Aa to Ali Azzouzi

| | | |
|---|---|---|
| Aa Aa - Alex Abad | Nancy Alfonso - Natasha Alford | Lori Appleby - Marilyn Appleton |
| Alexander Abad - Maria Abaroa | Nathan Alford - Emily Alger | Marion Appleton - Angelita Aquino |
| Ahmed Abas - Jeremy Abbey | Emma Alger - Amanat Ali | Angelito Aquino - Asmat Ara |
| Jerry Abbey - Kevin Abbott | Amanda Ali - Mahdi Ali | Dora Ara - Sabrina Aragon |
| Kim Abbott - John Abdallah | Maheen Ali - Tayyaba Ali | Sally Aragon - Jesus Aramburo |
| Joseph Abdallah - Bilal Abdul Khaliq | Teddy Ali - Michael Alig | Jorge Aramburo - Olivia Aranda |
| Muhammad Abdul Malik - Mohammad Abedi | Patrick Alig - Mary Allain | Omar Aranda - Eli Araujo |
| Syed Abedi - Dennis Abell | Matthew Allain - Marion Allard | Elia Araujo - Michael Arbaugh |

TruthFinder  > People Search  > A

## Aa Aa - Ali Azzouzi

| | | |
|---|---|---|
| • Aa Aa - Alex Abad | • Alexander Abad - Maria Abaroa | • Ahmed Abas - Jeremy Abbey |
| • Jerry Abbey - Kevin Abbott | • Kim Abbott - John Abdallah | • Joseph Abdallah - Bilal Abdul Khaliq |
| • Muhammad Abdul Malik - Mohammad Abedi | • Syed Abedi - Dennis Abell | • Dian Abell - Tyler Abercrombie |
| • Valerie Abercrombie - Patricia Abernethy | • Patrick Abernethy - Alvin Abner | • Alyssa Abner - Ana Aboytes |
| • Armando Aboytes - Saji Abraham | • Saju Abraham - Russie Abram | • Ruth Abram - Marjorie Abrams |
| • Mark Abrams - Santiago Abrego | • Santos Abrego - Anthony Abruscato | • Frank Abruscato - Ramon Abundis |
| • Raul Abundis - Angie Acevedo | • Anibal Acevedo - Otilia Acevedo | • Otilio Acevedo - Patricia Achenbach |
| • Paul Achenbach - Bryce Ackerman | • Bud Ackerman - Matthew Ackerson | • Melissa Ackerson - Alice Acosta |

US Search › A

**Last Name: Aa Aa - Ali Azzouzi**

| | | |
|---|---|---|
| Aa Aa - Alex Abad | Alexander Abad - Maria Abaroa | Ahmed Abas - Jeremy Abbey |
| Jerry Abbey - Kevin Abbott | Kim Abbott - John Abdallah | Joseph Abdallah - Bilal Abdul Khaliq |
| Muhammad Abdul Malik - Mohammad Abedi | Syed Abedi - Dennis Abell | Dian Abell - Tyler Abercrombie |
| Valerie Abercrombie - Patricia Abernethy | Patrick Abernethy - Alvin Abner | Alyssa Abner - Ana Aboytes |
| Armando Aboytes - Saji Abraham | Saju Abraham - Russie Abram | Ruth Abram - Marjorie Abrams |
| Mark Abrams - Santiago Abrego | Santos Abrego - Anthony Abruscato | Frank Abruscato - Ramon Abundis |
| Raul Abundis - Angie Acevedo | Anibal Acevedo - Otilia Acevedo | Otilio Acevedo - Patricia Achenbach |
| Paul Achenbach - Bryce Ackerman | Bud Ackerman - Matthew Ackerson | Melissa Ackerson - Alice Acosta |
| Alicia Acosta - Jessica Acosta | Jessie Acosta - Vidal Acosta | Vilma Acosta - Alejandra Acuna |
| Alejandro Acuna - Gerry Adair | Gertrude Adair - Roberta Adam | Robin Adam - Andres Adames |

Zabasearch  >  A

**People With The Last Name Aa and Alex ...and more In the US**

| | | |
|---|---|---|
| Aa Aa - Alex Abad | Alexander Abad - Maria Abaroa | Ahmed Abas - Jeremy Abbey |
| Jerry Abbey - Kevin Abbott | Kim Abbott - John Abdallah | Joseph Abdallah - Bilal Abdul Khaliq |
| Muhammad Abdul Malik - Mohammad Abedi | Syed Abedi - Dennis Abell | Dian Abell - Tyler Abercrombie |
| Valerie Abercrombie - Patricia Abernethy | Patrick Abernethy - Alvin Abner | Alyssa Abner - Ana Aboytes |
| Armando Aboytes - Saji Abraham | Saju Abraham - Russie Abram | Ruth Abram - Marjorie Abrams |
| Mark Abrams - Santiago Abrego | Santos Abrego - Anthony Abruscato | Frank Abruscato - Ramon Abundis |
| Raul Abundis - Angie Acevedo | Anibal Acevedo - Otilia Acevedo | Otilio Acevedo - Patricia Achenbach |
| Paul Achenbach - Bryce Ackerman | Bud Ackerman - Matthew Ackerson | Melissa Ackerson - Alice Acosta |
| Alicia Acosta - Jessica Acosta | Jessie Acosta - Vidal Acosta | Vilma Acosta - Alejandra Acuna |
| Alejandro Acuna - Gerry Adair | Gertrude Adair - Roberta Adam | Robin Adam - Andres Adames |
| Andrew Adames - Bernice Adams | Bernie Adams - Durrell Adams | Durwood Adams - Josephine Adams |
| Josette Adams - Meg Adams | Megan Adams - Skipper Adams | Sky Adams - Christopher Adamson |

24.    After entering this information, instantcheckmate.com, intelius.com,

truthfinder.com, ussearch.com, and zabasearch.com users are furnished a list of search results.

Each result corresponds to an actual person that Defendants have located who matches the searched

parameters.[13] Zabasearch.com search results include searched individuals' cell phone number(s).

All of the websites' search results include a plethora of other identifying information.

---

[13] Note, in these images of instantcheckmate.com, intelius.com, truthfinder.com, ussearch.com, and zabasearch.com's search results, Plaintiffs' counsel has redacted certain sensitive personal information (black portions).

1
2
3
4
5
6
7
8
9
10
11
12
13
14



15
16
17
18
19
20
21
22
23
24
25
26
27
28







25.     Instantcheckmate.com, intelius.com, truthfinder.com, and ussearch.com make available paid, full background reports that includes searched individuals' cell phone number(s) and a comprehensive view into said individuals' other private details.[14]

**Instant Checkmate**





---

[14] Note, in these images of instantcheckmate.com, intelius.com, truthfinder.com, and ussearch.com's paid, full background reports, certain sensitive personal information has been redacted in grey and black for privacy preservation purposes.  Defendants, themselves, do not redact this information.

**Intelius**







**Truthfinder**







**US Search**







26.    As the above images of Defendants' websites make clear, Defendants' directories are substantially similar.  And Defendants knowingly list Coloradans' cell phone numbers therein. Instantcheckmate.com has said: "the Contact Information page[ ] might contain phone numbers and tell you whether they're landlines or cell phones as well as who the carrier is."[15]  Intelius.com has said: "The contact information section is where you may find … landline phone numbers and cell phone numbers that are currently or previously were owned by the person."[16]  Truthfinder.com has said: through "the TruthFinder platform, you'll be able to see their latest cell phone numbers."[17]  USSearch.com has said: "Phone number information may include cell phone and landline numbers associated with a person or property."[18]  As shown by the following search result on Google, the meta description HTML element[19] of https://www.zabasearch.com/reverse-phone-lookup/ has said: "Uncover the possible owners of cell phones, landlines and VOIP numbers."



ZabaSearch
https://www.zabasearch.com › reverse-phone-lookup

**Free\*\* Reverse Phone Number Lookup(s)**

... reverse Phone Number Lookup(s) using Zabasearch. Uncover the possible owners of **cell** phones, landlines and VOIP numbers. Discover the owners of **phone numbers**
Area Code 503 · Area Code 858 · Area Code 223 · 272 Area Code

27.    To acquire a full background report from instantcheckmate.com, a user can either buy a one-month subscription for $35.47 or buy a three-month subscription for $85.13.[20]  To acquire a full background report from intelius.com, a user can either buy a one-month subscription for $25.11 or buy a two-month subscription for $42.69.[21]  To acquire a full background report from truthfinder.com, a user can either buy a one-month subscription for $28.33 or buy a two-month

---

[15] https://web.archive.org/web/20240625185005/https://www.instantcheckmate.com/crimewire/post/how-to-find-contact-information-for-someone/.

[16] https://web.archive.org/web/20240520151837/https://www.intelius.com/blog/what-information-is-available-with-an-intelius-people-search/.

[17] https://web.archive.org/web/20240619120447/https://www.truthfinder.com/infomania/follow-these-steps-to-find-someones-cell-phone-number-by-their-name/.

[18] https://web.archive.org/web/20241212075042/https://www.pro.ussearch.com/features/.

[19] *See, e.g.*, https://developers.google.com/search/docs/appearance/snippet.

[20] https://web.archive.org/web/20250405100545/https://www.instantcheckmate.com/pricing/.

[21] https://web.archive.org/web/20250406112815/https://www.intelius.com/pricing/.

1   subscription for $47.03.[22]  To acquire a full background report from ussearch.com, a user can buy a

2   one-month subscription for $19.86.[23]  Zabasearch.com directs users who wish to "search for [full]

3   background reports" to intelius.com.







28.     Thus, the listing of Plaintiffs' and Class Members' cell phone numbers is for a commercial purpose. Indeed, that is Defendants' entire business model. Defendants are literally selling Plaintiffs' and Class Members' cell phone numbers and accompanying information to their customers and subscribers

**B.      Defendants' Conduct Harms Coloradans**

29.     Consumer data is key to the $26 billion-per-year online advertising industry in the United States.[24]  Clearly, and per the FTC, consumer data possesses inherent monetary value:

---

[24] http://online.wsj.com/article/SB10001424052748703529004576160764037920274.html.

> Most consumers cannot begin to comprehend the types and amount of information collected by businesses, or why their information may be commercially valuable. Data is currency. The larger the data set, the greater potential for analysis – and profit.[25]

30.    In fact, individuals' private information has become such a valuable commodity that companies now offer individuals the opportunity to monetize their personal data.[26]

31.    These companies' business models capitalize on a fundamental principle underlying the modern information marketplace: Consumers recognize the economic value of their private data.  Along these lines, research shows that consumers are willing to pay a premium to purchase services from companies that adhere to more stringent policies of protecting their data.[27]  A 2014 survey conducted by Harris Interactive on behalf of TRUSTe, Inc. showed that 89 percent of consumers avoid doing business with companies who they believe do not protect their privacy.[28] The same is true for 80 percent of smartphone users, who say that they avoid using smartphone apps that they don't believe protect their privacy.[29]

32.    Defendants' misappropriation of Coloradans' cell phone numbers undeniably deprives state residents of the ability to enjoy their PTFA privacy rights.  It also deprives them of the real, quantifiable value of such data.

---

[25] https://www.ftc.gov/sites/default/files/documents/public_statements/remarks-ftc-exploring-privacy-roundtable/091207privacyroundtable.pdf at p. 2.

[26] *See, e.g.*, https://www.washingtonpost.com/technology/2023/02/06/consumers-paid-money-data/; http://www.nytimes.com/2012/02/13/technology/start-ups-aim-to-help-users-put-a-price-on-their-personal-data.html; https://techcrunch.com/2023/08/16/caden-lands-15m-to-let-users-monetize-their-personal-data/; https://www.theverge.com/2019/6/11/18661595/facebook-study-app-monitor-phone-usage-pay; https://sifted.eu/articles/gener8; https://www.theverge.com/2012/2/8/2785751/google-screenwise-panel-web-monitoring-knowledge-networks; https://www.sidehustlenation.com/get-paid-for-your-data/; https://millennialmoneyman.com/get-paid-for-your-data/.

[27] *See, e.g.*, https://web.archive.org/web/20240420201259/https://www.enisa.europa.eu/publications/monetizing-privacy/@@download/fullReport; https://citeseerx.ist.psu.edu/document?repid=rep1&type=pdf&doi=8b70320d110370c82ca9cbab768db58b74878234.

[28] *See* https://web.archive.org/web/20190820142832/http://www.theagitator.net/wp-content/uploads/012714_ConsumerConfidenceReport_US1.pdf at p. 3.

[29] *Id.*

---

33.     Further, "[p]eople search sites … offer a wealth of information that can be exploited by malicious actors."[30]  For one, "[b]undling [personal data] all together and making it so easily accessible can … put ordinary people at risk of … stalking and other forms of harassment."[31]  Second, people search sites' "comprehensive data allows cybercriminals to build detailed profiles of potential victims, making it easier to craft convincing scams or carry out identity theft."[32]  This "put[s] almost anyone within the reach of fraudulent telemarketers[]" and other wrongdoers.[33]

34.     Information disclosures like Defendants' are particularly dangerous to the elderly.  "Older Americans are perfect telemarketing customers, analysts say, because they are often at home, rely on delivery services, and are lonely for the companionship that telephone callers provide."[34]  The FTC notes that "[t]he elderly often are the deliberate targets of fraudulent telemarketers who take advantage of the fact that many older people have cash reserves or other assets to spend on seemingly attractive offers."[35]

35.     Making matters worse, "[o]nce marked as receptive to [a specific] type of spam, a consumer often is bombarded with similar fraudulent offers from a host of scam artists."[36]

## CLASS ALLEGATIONS

36.     Plaintiff seeks to represent a class defined as all Colorado residents whose cell phone numbers were listed on one of Defendants' websites (the "Class").

37.     Plaintiff reserves the right to modify the Class definition, including by using subclasses, as appropriate based on further investigation and discovery obtained in the case.

38.     **Numerosity:** The Class is composed of at least thousands of individuals, the joinder of which in one action would be impracticable.  The disposition of their claims through this class

---

[30] https://www.foxnews.com/tech/dangerous-intersection-people-search-sites-scams.

[31] https://innovation.consumerreports.org/Data-Defense_-Evaluating-People-Search-Site-Removal-Services-.pdf.

[32] https://www.foxnews.com/tech/dangerous-intersection-people-search-sites-scams.

[33] http://www.nytimes.com/2007/05/20/business/20tele.html.

[34] *Id.*

[35] https://www.ftc.gov/sites/default/files/documents/public_statements/prepared-statement-federal-trade-commission-fraud-against-seniors/agingtestimony.pdf at p. 1.

[36] *Id.* at p. 3.

---

action will benefit both the parties and the Court.

39.    **Existence and Predominance of Common Questions of Fact and Law**: There is a well-defined community of interest in the questions of law and fact involved affecting the members of the proposed Class.  The questions of law and fact common to the proposed Class predominate over questions affecting only individual Class Members.  Such questions include, but are not limited to, the following: whether Defendants violated Colo. Rev. Stat. § 6-1-304(4)(a)(I); and whether Plaintiff and Class Members are entitled to damages, reasonable attorneys' fees, pre-judgment interest and costs of this suit, pursuant to Colo. Rev. Stat. § 6-1-305(1)(c).

40.    **Typicality:** The claims of the named Plaintiff are typical of the claims of the Class because Plaintiff, like all other Class Members, had his cell phone number listed on Defendants' websites for a commercial purpose; Defendants did so without requesting or receiving Plaintiff's affirmative consent (through written, oral, or electronic means); and Defendants' misappropriation of Plaintiff's personal data (including the economic value thereof) came at the expense of Plaintiff's PTFA privacy rights.

41.    **Adequacy:** Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and his counsel.

42.    **Superiority:** The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class. Each individual Class Member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability.  Class treatment

of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues. Finally, Defendants have acted or refused to act on grounds generally applicable to the entire Class, thereby making it appropriate for this Court to grant final injunctive relief and declaratory relief with respect to the Class as a whole.

## CAUSES OF ACTION

### COUNT I
### Violation of the Prevention of Telemarketing Fraud Act,
### Colo. Rev. Stat. § 6-1-304(4)(a)(I)

43.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

44.    Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

45.    Colo. Rev. Stat. § 6-1-304(4) provides:

    (a)    On or after September 1, 2005, a person commits an unlawful telemarketing practice if the person knowingly:

        (I)    Lists a cellular telephone number in a directory for a commercial purpose unless the person whose number has been listed has given affirmative consent, through written, oral, or electronic means, to such listing[.]

46.    Defendants failed to comply with this PTFA mandate.

47.    Defendants knowingly list Coloradans' cell phone numbers. Instantcheckmate.com has said: "the Contact Information page[ ] might contain phone numbers and tell you whether they're landlines or cell phones as well as who the carrier is."[37]  Intelius.com has said: "The contact information section is where you may find … landline phone numbers and cell phone numbers that are currently or previously were owned by the person."[38]  Truthfinder.com has said: through "the TruthFinder platform, you'll be able to see their latest cell phone numbers."[39]  USSearch.com has

---

[37] https://web.archive.org/web/20240625185005/https://www.instantcheckmate.com/crimewire/post/how-to-find-contact-information-for-someone/.

[38] https://web.archive.org/web/20240520151837/https://www.intelius.com/blog/what-information-is-available-with-an-intelius-people-search/.

[39] https://web.archive.org/web/20240619120447/https://www.truthfinder.com/infomania/follow-these-steps-to-find-someones-cell-phone-number-by-their-name/.

said: "Phone number information may include cell phone and landline numbers associated with a person or property."[40]  As shown the search results on Google, the meta description HTML element[41] of https://www.zabasearch.com/reverse-phone-lookup/ has said: "Uncover the possible owners of cell phones, landlines and VOIP numbers."

48.    Defendants' websites, instantcheckmate.com, intelius.com, truthfinder.com, ussearch.com, and zabasearch.com, are directories – i.e., an "electronic resource containing lists of information, usually in alphabetical order, for example people's phone numbers or the names and addresses of businesses in a particular area[.]" *Directory*, Oxford Learner's Dictionary, https://oxfordlearnersdictionaries.com/us/definition/english/directory.[42]  Defendants admit as much, having referred to each of instantcheckmate.com, intelius.com, truthfinder.com, ussearch.com, and zabasearch.com as a "directory" and/or as "directories."[43]

49.    Defendants engage in this conduct for a commercial purpose.  The purpose behind listing individuals' personal information – including cell phone numbers – on instantcheckmate.com, intelius.com, truthfinder.com, ussearch.com, and zabasearch.com is to generate ad revenue and entice users to acquire access to Defendants' paid, full background reports.

50.    Defendants never request nor receive Coloradans' "affirmative consent, through written, oral, or electronic means, to such listing[.]"  Colo. Rev. Stat. § 6-1-304(4)(a)(I).  Rather, Defendants list the cell phone numbers of Coloradans they have never engaged with, have had no

---

[40] https://web.archive.org/web/20241212075042/https://www.pro.ussearch.com/features/.

[41] *See, e.g.*, https://developers.google.com/search/docs/appearance/snippet.

[42] *See also Directory*, Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/directory ("an alphabetical or classified list (as of names and addresses)[.]"); *Directory*, Cambridge Essential American English Dictionary, https://dictionary.cambridge.org/us/dictionary/essential-american-english/directory ("a book or list of names and numbers"); *Directory*, AllWords.com Multi-Lingual Dictionary, https://www.allwords.com/word-directory.html ("A list of names, address etc., of specific classes of people or organizations, often in alphabetical order or in some classification.").

[43] *See, e.g.*, https://web.archive.org/web/20250124232514/https://www.instantcheckmate.com/people/0/; https://web.archive.org/web/20240917150412/https://www.intelius.com/names/0/; https://web.archive.org/web/20211205073354/https://www.truthfinder.com/; https://web.archive.org/web/20240805093036/https://www.ussearch.com/people-search/0/; https://web.archive.org/web/20240724222829/https://www.zabasearch.com/people/0/.

---

connection to, and who are unaware of Defendants' existence.

51.    Defendants' misappropriation of Class Members' personal data (including the economic value thereof) came at the expense of Class Members' PTFA privacy rights. It deprived Class Members of the real, quantifiable value of such data. And it exposed Class Members to elevated risks of stalking, harassment, scams, identity theft, and unwanted telemarketing.

52.    Thus, on behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class; (3) damages, pursuant to Colo. Rev. Stat. § 6-1-305(1)(c), of at least three hundred dollars and not more than five hundred dollars for each first offense, and at least five hundred dollars and not more than one thousand dollars for each second or subsequent offense; and (4) reasonable attorneys' fees and other litigation costs pursuant to Colo. Rev. Stat. § 6-1-305(1)(c).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself and the proposed Class, respectfully requests that this Court enter an Order:

(a)    Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as the representative of the Class, and appointing Plaintiff's counsel as Class Counsel;

(b)    Declaring that Defendants' actions, as set out above, violate Colo. Rev. Stat. § 6-1-304(4)(a)(I) (Colorado's "Prevention of Telemarketing Fraud Act" or "PTFA");

(c)    Awarding damages, pursuant to Colo. Rev. Stat. § 6-1-305(1)(c), of at least three hundred dollars and not more than five hundred dollars for each first offense, and at least five hundred dollars and not more than one thousand dollars for each second or subsequent offense;

(d)    Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, an Order requiring Defendants to comply with the PTFA;

(e)    Awarding Plaintiff and the Class their reasonable attorneys' fees and other litigation costs pursuant to Colo. Rev. Stat. § 6-1-305(1)(c);

1    (f)    Awarding Plaintiff and the Class pre- and post-judgment interest,
          to the extent allowable; and

2

3    (g)    Awarding such other and further relief as equity and justice may
          require.

4                          **JURY DEMAND**

5        Plaintiffs demand a trial by jury on all issues so triable.

6

7    Dated:  May 6, 2025                    Respectfully Submitted,

8                                  **BURSOR & FISHER, P.A.**

9                                  By:_____

10                                 L. Timothy Fisher (State Bar No. 191626)
11                                 1990 North California Blvd., 9th Floor
                                   Walnut Creek, CA 94596
12                                 Telephone: (925) 300-4455
                                   Facsimile: (925) 407-2700
13                                 E-mail: ltfisher@bursor.com

14                                 *Attorney for Plaintiff*

15

16

17

18

19

20

21

22

23

24

25

26

27

28